1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11
12
13
14
15
16

JOHN SORIA, an individual; MARIA CARLOS, an individual; MARITIME DOCUMENTATION CENTER CORP., a Montana corporation; U.S. VESSEL DOCUMENTATION, INC., a California corporation; and VESSEL DOCUMENTATION ONLINE LLC, a Montana LLC,

17

Plaintiffs,

18

v.

19
20
21
22
23

STABLER & ASSOCIATES, INC., a California corporation; DON STABLER, an individual; JOB ACLAN, an individual; ARMINEH GORKIAN-ACLAN, AN INDIVIDUAL; AND U.S. VESSEL REGISTRAR, a California corporation,

24
25

Defendants.

Case No.  5:19-CV-01976-DSF-KK
[DISCOVERY MATTER assigned to Magistrate Judge Kenly Kiya Koto]

[~~PROPOSED~~] ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS

26
27
28

1

1    Discovery in this pending federal lawsuit (the "Action") is likely to involve

2 production of confidential, proprietary, or private information for which special

3 protection from public disclosure and from use for any purpose other than

4 prosecuting this litigation may be warranted.  Accordingly, the parties to this Action

5 (individually and collectively referred to, respectively, as "Party" or "Parties")

6 hereby stipulate to and petition the Court to enter the following Stipulated Protective

7 Order (the "Order").  The Parties acknowledge that this Order does not confer

8 blanket protections on all disclosures or responses to discovery and that the

9 protection it affords from public disclosure and use extends only to the limited

10 information or items that are entitled to confidential treatment under the applicable

11 legal principles.

12    1.    The terms of this Order do not apply to the Court and/or court

13 personnel, including court reporters employed by the Court, who are subject only to

14 the Court's internal procedures regarding the handling of material filed or lodged,

15 including material filed or lodged under seal.

16    2.    This Action is likely to involve trade secrets and other valuable

17 confidential and proprietary information for which special protection from public

18 disclosure and from use for any purpose other than prosecution of this Action is

19 warranted.  Such confidential and proprietary materials and information consist of,

20 among other things, confidential business or financial information, information

21 regarding confidential business practices, and information otherwise generally

22 unavailable to the public or which may be privileged or otherwise protected from

23 disclosure under state or federal statutes, court rules, case decisions, or common

24 law.  Documents, materials, or testimony containing subject matters, which

25 constitute, refer to, or otherwise incorporate such confidential and proprietary

26 materials and information produced or disclosed by either Party in this Action, or by

27 third parties, whether voluntarily or pursuant to discovery demand or court order,

28

[PROPOSED] ORDER GOVERNING THE
DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS

1    are hereinafter referred to as "Protected Material." Accordingly, to expedite the

2    flow of information, to facilitate the prompt resolution of disputes over

3    confidentiality of discovery materials, to adequately protect information the Parties

4    are entitled to keep confidential, to ensure that the Parties are permitted reasonably

5    necessary uses of such material in preparation for and in the conduct of trial, to

6    address their handling at the end of the litigation, and serve the ends of justice, a

7    protective order for such information is justified in this matter.

8             3.        For purposes of this Order, the Protected Materials may have a

9    "Confidential" or "Highly Confidential" designation. "Confidential" designation

10   means that the document is comprised of trade secrets or commercial information

11   that is not publicly known and is of technical or commercial advantage to its

12   possessor, in accordance with Fed. R. Civ. P. 26(c)(G), or other information

13   required by law or agreement to be kept confidential. "Highly Confidential"

14   designation means that the document is comprised of competitively sensitive

15   information, which may include, but is not limited to, confidential research and

16   development, financial information, business strategies, marketing information, or

17   any other sensitive trade secret information. Confidential and Highly Confidential

18   designation does not include, and this Protective Order does not apply to,

19   information that is already in the knowledge or possession of the Party to whom

20   disclosure is made unless that Party is already bound by agreement not to disclose

21   such information, or information that has been disclosed to the public or third

22   persons in a manner making such information no longer confidential, including but

23   not limited to, (a) advertising materials, (b) materials that on their face show that

24   they have been published to the general public, or (c) documents that were

25   submitted to any governmental entity without request for confidential treatment

26   prior to production in this Action. It is the intent of the Parties that information will

27   not be designated as Confidential or Highly Confidential for tactical reasons and that

28

[PROPOSED] ORDER GOVERNING THE
DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS

nothing be so designated without a good faith belief that it is a Protected Material, and there is good cause why it should not be part of the public record in this Action.

4.      Each Party or non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party (as defined below) must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  The "Designating Party" refers to a Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential," as defined below.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.      Designation of Protected Material in conformity with this Order requires:

A.      for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party shall affix at a minimum, the legend "Confidential" or "Highly Confidential" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies as Protected Material, the Designating Party also must clearly identify the protected

1   portion(s) (e.g., by making appropriate markings in the margins);

2          B.      for testimony given in depositions that the Designating Party

3   identify the disclosure or Discovery Material on the record, before the close of the

4   deposition all protected testimony; and

5          C.      for information produced in some form other than documentary

6   and for any other tangible items, that the pDesignating Party affix in a prominent

7   place on the exterior of the container or containers in which the information is stored

8   the legend "Confidential" or "Highly Confidential."  If only a portion or portions of

9   the information warrants protection, the Designating Party, to the extent practicable,

10  shall identify the protected portion(s).

11         6.      If timely corrected, an inadvertent failure to designate qualified

12  information or items does not, standing alone, waive the Designating Party's right to

13  secure protection under this Order for such material.  Upon timely correction of a

14  designation, the Receiving Party must make reasonable efforts to assure that the

15  material is treated in accordance with the provisions of this Order.

16         7.      The Parties shall not be obligated to challenge the propriety of a

17  "Confidential" or "Highly Confidential" designation at the time made, and a failure

18  to do so shall not preclude a subsequent challenge thereto.  In the event that a Party

19  objects at any stage of these proceedings to the propriety of a designation by a Party

20  of any information as "Confidential" or "Highly Confidential," the Parties shall

21  attempt first to resolve the dispute in good faith on an informal basis.  If the dispute

22  cannot be resolved, any Party may seek appropriate relief from this Court, so long as

23  it is consistent with any scheduling order entered by the Court in this Action.  Any

24  such motion challenging a Party's designation of Protected Material shall be brought

25  in strict compliance with this Court's Local Rules 37-1 and 37-2 and the Party who

26  designated the information in question as "Confidential" or "Highly Confidential"

27  shall have the burden of proving that the information designated as "Confidential"

28

[PROPOSED] ORDER GOVERNING THE
DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS

1    or "Highly Confidential" is subject to the restrictions of this Order.

2        8.    Protected Material shall not be used or shown, disseminated, copied, or

3    in any way communicated to anyone for any purpose whatsoever, except as

4    provided for below.

5        9.    Protected Material designated "Confidential" may be disclosed only to

6    the following persons:

7            A.    The Party or Parties receiving Protected Material, including the

8    Parties' officers, directors, and employees, and their legal counsel;

9            B.    Employees of the Parties' legal counsel (excluding experts and

10   investigators) assigned to and necessary to assist such counsel in the preparation and

11   trial of this Action;

12           C.    The Court and court personnel, including stenographic reporters

13   as necessarily incident to the preparation for trial of this Action;

14           D.    Noticed or subpoenaed deponents and their counsel;

15           E.    Retained experts, consultants, and prospective third party fact

16   witnesses if, in the judgment of counsel for a Party, (a) disclosure to the person is

17   reasonably necessary for the purpose of advising, consulting, and/or preparing to

18   give testimony in connection with this Action, and (b) the person agrees in writing

19   to be bound by the terms of this Order and signs a copy of Exhibit A.  Each Party is

20   responsible for maintaining the copies of Exhibit A signed by its own experts,

21   consultants, or witnesses and taking reasonable steps to ensure that each Party's own

22   experts, consultants, or witnesses abide by the terms of this Order.

23       10.   Protected Materials designated "Highly Confidential" may be disclosed

24   only to the following persons or entities:

25           A.    Trial Counsel for the Parties, their partners and associates, and

26   staff and supporting personnel of such attorneys, such as paralegal assistants,

27   secretarial, stenographic and clerical employees and contractors, and outside

28

6

copying services, who are working on this Action (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the Highly Confidential Materials be disclosed for purposes of this Action.  Such employees, assistants, contractors, and agents to whom such access is permitted and/or disclosure is made shall, prior to such access or disclosure, be advised of, and become subject to, the provisions of this Protective Order.  "Trial Counsel," for purposes of this Paragraph, shall mean outside retained counsel and shall not include in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such in-house counsel;

B.     Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Action, whether or not retained to testify at any oral hearing; provided, however, that prior to the disclosure of Highly Confidential Materials to any such expert or expert consultant, counsel for the Party making the disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A prior to the disclosure of Highly Confidential Materials.  It shall be the obligation of Trial Counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify Trial Counsel for the Designating Party of such breach or threatened breach;

C.     Any person who authored, received, saw or was otherwise familiar with any documents, materials, or testimony or thing designated "Highly Confidential," including any person otherwise familiar with the Highly Confidential Information contained therein, but only to the extent of that person's prior familiarity with the Highly Confidential Information;

D.     Court reporters in this Action (whether at depositions, hearings,

7

1   or any other proceeding); and

2           E.    The Court.

3        11.    The Party or Parties receiving Protected Material may provide the

4   Protected Material produced in this Action only to those persons identified in

5   paragraphs 9 and 10, respectively, of this Order who have a need to review, rely on

6   and/or analyze such Protected Material for the purpose of prosecuting this Action.

7   The Party or Parties receiving Protected Material shall not provide such Protected

8   Material to any other person or entity for any purpose whatsoever, except as

9   permitted by this Order or by mutual consent of the Parties.

10        12.    Protected Material shall be used solely for the purpose of this Action

11   and shall not be used in connection with any other lawsuit, arbitration, claim,

12   proceeding, or for any other purpose, except upon the written stipulation of the

13   Parties or order of the Court.  Nothing in this Order, however, should be construed

14   as authorizing a Party to disobey a lawful subpoena or court order issued in another

15   Action.

16        13.    The Parties shall take necessary steps to keep Protected Material from

17   public disclosure and shall, unless otherwise agreed to by the Designating Party,

18   seek to file any Protected Material or any affidavits, briefs, motions, or other papers

19   that disclose Protected Material under seal in compliance with the Local Rules of

20   the United States District Court, Central District of California.  Any Party that seeks

21   to file under seal any Protected Material must comply with Civil Local Rule 79-5 in

22   its entirety and this Order does not entitle them to file Protected Material under seal.

23   Protected Material may only be filed under seal pursuant to a court order authorizing

24   the sealing of the specific Protected Material at issue. If a Party's request to file

25   Protected Material under seal is denied by the Court, then the Party may file the

26   information in the public record unless otherwise instructed by the Court.  Nothing

27   in this Paragraph shall preclude the filing Party from consulting with the

28

8

[PROPOSED] ORDER GOVERNING THE
DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS

1  Designating Party to determine whether, with the consent of the Designating Party,

2  the document or a redacted version of the document may be filed with the Court not

3  under seal. If the document is not already stamped "Confidential," or "Highly

4  Confidential" the filing Party shall so stamp it.

5    14.    To the extent that Protected Material is used in depositions, such

6  documents or information shall remain subject to the provisions of this Order, along

7  with the transcript pages of the deposition referring to the Protected Material.  This

8  Order will not apply to the use of Protected Material at trial or other Court

9  proceedings.

10    15.    Any court reporter or transcriber who reports or transcribes testimony

11  in this Action concerning Protected Material shall agree that all "Confidential" or

12  "Highly Confidential" information designated as such under this Order shall remain

13  "Confidential" or "Highly Confidential" and shall not be disclosed by them, except

14  pursuant to the terms of this Order.

15    16.    Except as otherwise specifically provided for in this Order, the persons

16  covered by this Stipulation are prohibited from disseminating in any fashion,

17  manner or method the Protected Material produced herein, or any copies, notes,

18  summaries, extracts or digests thereof, without the further written stipulation of the

19  Designating Party or by order of the Court.

20    17.    This Order shall be binding upon the Parties and their attorneys,

21  successors, executors, personal representatives, administrators, heirs, legal

22  representatives, assigns, subsidiaries, divisions, employees, agents, independent

23  contractors, and all other persons or organizations over which they have control.

24    18.    Inadvertent or unintentional production of documents or information

25  containing Protected Material which is not designated "Confidential" or "Highly

26  Confidential" shall not be deemed a waiver in whole or in part of a claim for

27  confidential treatment.

28

[PROPOSED] ORDER GOVERNING THE
DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS

19.     The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

20.     The term "Final Disposition" shall mean the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

21.     After the Final Disposition of this Action, any and all documents containing Protected Material and all copies made thereof shall, at the option of the Parties holding such information, either (a) be returned promptly to the Party that produced the material, or (b) be destroyed, and a certificate to that effect shall be provided to the Party that produced the material.  However, any work product (as defined under applicable law), pleadings, claim file materials, deposition transcripts or trial exhibits in this Action may be retained by counsel, subject to the terms of this Order.

22.     After Final Disposition of this Action, the provisions of this Stipulation and any Order issued pursuant thereto shall continue to be binding.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provisions of this Stipulation and Order following termination of this Action.  Any Party seeking to enforce this Stipulation or Order or claiming a breach thereof may move at a noticed hearing for contempt or for appropriate sanctions.  The Court may award attorney's fees and costs to the prevailing Party on the motion.

[PROPOSED] ORDER GOVERNING THE
DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS

1    PURSUANT TO STIPULATION AND FOR GOOD CAUSE SHOWN, IT
     IS SO FOUND AND ORDERED.

2

3    Dated: May 5, 2020          By: _____

4                                     Hon. Kenly Kiya Kato
                                  UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

_____
[PROPOSED] ORDER GOVERNING THE
DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

Case No. 5:19-CV-01976-DSF

I, _____, hereby declare under penalty of perjury that I have read in its entirety and understand the Stipulated Order Governing the Designation and Handling of Confidential Materials that was entered in the case entitled *Soria et al. v. Stabler, et al*, now pending in the United States District Court for the Central District of California, Case no. 5:15-CV-01976 and agree to be bound and abide by its terms.  I certify that I understand that the Confidential Materials and/or Highly Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.  I agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Stipulated Order, even if such enforcement proceedings occur after termination of this Action.

I understand that the Confidential Materials and Highly Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials or Highly Confidential Materials obtained pursuant to this Stipulation and Protective Order, except as provided therein or otherwise ordered by the Court in this Action.

I hereby further agree that upon notice that the case has been resolved or upon the termination of my work on this case, I will either (a) return any documents

12

1   containing or referencing Protected Material that I received to counsel for the Party

2   or Parties who retained me or (b) destroy the documents containing or referencing

3   Protected Material and provide counsel with written confirmation of such destruction.

4

5   Dated: _____

6

7

8                                                      Signed: _____

9                                                      Name: _____

10                                                     Title: _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13