Jeremy S. Goldman (SBN 306943)
jgoldman@fkks.com
FRANKFURT KURNIT KLEIN + SELZ PC
2029 Century Park East, Suite 1060
Los Angeles, California 90067
Telephone:  (310) 579-9600
Facsimile:   (310) 579-9650

Benjamin G. Murray (admitted *pro hac vice*)
bmurray@fkks.com
FRANKFURT KURNIT KLEIN & SELZ, P.C.
28 Liberty Street
New York, NY 10005
Telephone:  (212) 980-0120
Facsimile:   (347) 429-8960

Attorneys for STABLER &
ASSOCIATES, INC. and
DON STABLER

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN SORIA, an individual; MARIA CARLOS, an individual; MARITIME DOCUMENTATION CENTER CORP., a Montana Corporation; U.S. VESSEL DOCUMENTATION, INC., a California corporation; and VESSEL DOCUMENTATION ONLINE LLC, a Montana LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>STABLER & ASSOCIATES, INC., a California corporation; DON STABLER, an individual; JOB ACLAN, an individual; ARMINEH GORKIAN-ACLAN, an individual; and U.S. VESSEL REGISTRAR, a California corporation,<br><br>Defendants. | Case No. 5:19-cv-01976-DSF-KK<br><br>[Assigned to the Hon. Dale S. Fischer]<br><br>**DEFENDANTS STABLER & ASSOCIATES, INC.'S AND DON STABLER'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:   September 14, 2020<br>Time:   1:30 P.M.<br>Place:  Courtroom 7D |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 14, 2020, at 1:30 P.M., in Courtroom 7D, Defendants Stabler & Associates, Inc. ("SAI") and Don Stabler ("Stabler") (together, the "Stabler Parties") will and hereby do move this Court for an order for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

The Stabler Parties respectfully request that the Court grant dismissal of Plaintiffs' Fourth, Fifth, Sixth, and Seventh Claims for Relief against the Stabler Parties for failure to plausible allege any of these causes of action.

This motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the accompanying Declaration of Benjamin G. Murray and exhibits thereto; and all pleadings, paper and record in this action filed herein.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 28, 2020. Plaintiffs have confirmed that they intend to oppose this motion.

DATED: August 4, 2020      FRANKFURT KURNIT KLEIN + SELZ PC

By:   */s/ Jeremy S. Goldman*
      Jeremy S. Goldman
      Benjamin G. Murray
      Attorneys for STABLER &
      ASSOCIATES, INC. and
      DON STABLER

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................. 1
II. FACTUAL BACKGROUND ........................................................................... 1
    A. The USVR Claims ................................................................................. 2
    B. The SAI Claims ..................................................................................... 2
    C. The Dropped Tax Lien Claim ............................................................... 3
III. LEGAL STANDARD ...................................................................................... 4
    A. Motions for Judgment on the Pleadings ................................................ 4
    B. Plausibility Requirement Under *Twombly* and *Iqbal* ............................. 4
IV. ARGUMENT .................................................................................................... 5
    A. Negligence ............................................................................................. 5
    B. Professional Malpractice ....................................................................... 6
    C. Breach of Fiduciary Duty ...................................................................... 7
    D. Breach of Contract ................................................................................. 8
V. CONCLUSION ............................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................... 4, 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................ 4

*Burns v. HSBC Bank*,
    No. EDCV121748JGBOPX, 2013 WL 12136377 (C.D. Cal. Aug.
    26, 2013) ........................................................................................................ 10

*Eclectic Properties E., LLC v. Marcus & Millichap Co.*,
    751 F.3d 990 (9th Cir. 2014) ........................................................................... 4

*Fleming v. Pickard*,
    581 F.3d 922 (9th Cir. 2009) ........................................................................... 4

*Johnson v. Riverside Healthcare System, LP*,
    534 F3d 1116 (9th Cir. 2008) .......................................................................... 4

*Leonard v. Rose*,
    65 Cal. 2d 589 (1967) ................................................................................... 10

*Long v. Dorset*,
    369 F. Supp. 3d 939 (N.D. Cal. 2019) .......................................................... 10

*Mansouri v. Superior Court*,
    181 Cal. App. 4th 633 (2010) ....................................................................... 10

*Paul v. Patton*,
    235 Cal. App. 4th 1088 (2015) ....................................................................... 6

*Shuckett v. DialAmerica Mktg. Inc.*,
    No. 17CV2073-LAB (KSC), 2019 WL 913174 (S.D. Cal. Feb. 22,
    2019) ................................................................................................................ 8

*Slaieh v. Simons*,
    584 B.R. 28 (C.D. Cal. 2018) .......................................................................... 5

ii

DEFENDANTS STABLER & ASSOCIATES, INC.'S AND DON STABLER'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT


Case 5:19-cv-01976-JWH-KK   Document 42   Filed 08/04/20   Page 5 of 16   Page ID #:333

*Stanley v. Richmond*,
  35 Cal. App. 4th 1070 (1995) ............................................................................... 7

*Strigliabotti v. Franklin Res., Inc.*,
  398 F. Supp. 2d 1094 (N.D. Cal. 2005) ............................................................... 4

*Yi v. Circle K Stores, Inc.*,
  258 F. Supp. 3d 1075 (C.D. Cal. 2017), *aff'd*, 747 F. App'x 643 (9th
  Cir. 2019) ............................................................................................................. 8

**Statutes**

Cal. Civ. Code § 1657 ................................................................................................ 9

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ................................................................................................ 4

Fed. R. Civ. P. 12(c) ...................................................................................... 1, 2, 4, 5

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 4

iii

DEFENDANTS STABLER & ASSOCIATES, INC.'S AND DON STABLER'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Stabler & Associates, Inc. ("SAI") and Don Stabler ("Stabler") (together, the "Stabler Parties") respectfully submit this memorandum of points and authorities in support of their motion, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings with respect to the Fourth, Fifth, Sixth, and Seventh Claims for Relief brought by Plaintiffs John Soria ("Soria"), Maria Carlos ("Carlos"), Maritime Documentation Center Corp. ("MDCC"), U.S. Vessel Documentation, Inc., and Vessel Documentation Online LLC (collectively, the "Soria Parties").

## I. INTRODUCTION

The Stabler Parties request that the Court dismiss the Fourth, Fifth, Sixth, and Seventh Claims for Relief because the Complaint does not allege *any* facts to support these claims. The Complaint alleges that the Soria Parties hired the Stabler Parties to help them with various tax-related matters. Other than making the vague and conclusory allegation that the Stabler Parties did "virtually nothing," the Complaint does not allege any actual facts to give the Stabler Parties "fair notice" of the Soria Parties' claims or the grounds upon which they rest. The Complaint does not specify what the Stabler Parties supposedly did wrong, how the Stabler Parties damaged the Soria Parties, or how the Stabler Parties' unspecified acts or omissions were the cause of any damage to the Soria Parties. In short, the Complaint fails to meet federal pleading standards and the Fourth, Fifth, Sixth, and Seventh Claims for Relief should be dismissed.

## II. FACTUAL BACKGROUND

Construing the Complaint in the light most favorable to the Soria Parties, and drawing all reasonable inferences in their favor, the Soria Parties' claims fall into two categories.

### A. The USVR Claims

In the first category, the Soria Parties allege that, "using the cover of the SAI engagement," Defendants Aclan and Gorkian—and potentially other Defendants—fished the Soria Parties for confidential information about their vessel documentation business and then used that information to launch a competing website and business called U.S. Vessel Registrar (the "USVR Claims"). ECF 1 ¶ 2. Almost all of the factual allegations in the Complaint,[1] and nine of twelve Claims for Relief,[2] relate only to the USVR Claims. This motion does not target the USVR Claims; the Stabler Parties intend to move for summary judgment on these Claims at the appropriate time.

### B. The SAI Claims

This motion focuses on the second category of claims, in which the Soria Parties allege that they retained SAI "to provide assistance with tax returns and dealing with taxing authorities" but that "from May 21 to the present, Stabler SAI and Aclan had done virtually nothing" (the "SAI Claims"). ECF 1 ¶¶ 2, 38. This is not merely a summary of the SAI Claims: this is the sum total of all facts alleged in the Complaint related to the SAI Claims. *Id.*, *passim*. Four claims for relief arise from the SAI Claims: the Fourth Claim for Negligence (¶¶ 70-72), the Fifth Claim for Professional Malpractice (¶¶ 73-74), the Sixth Claim for Breach of Fiduciary Duty (¶¶ 75-87), and the Seventh Claim for Breach of Contract (¶¶ 88-94). This

---

[1] *Id.* ¶¶ 2, 12, 13, 14, 20-24, 27-33, 40-43.

[2] Specifically: the First Claim for Direct Copyright Infringement (¶¶ 48-53), the Second Claim for Violation of Defense of Trade Secrets Act (¶¶ 54-61), the Third Claim for Violation of the California Uniform Trade Secrets Act (¶¶ 62-69), the Sixth Claim for Breach of Fiduciary Duty (at least in part) (¶¶ 75-87), the Eighth Claim for Fraud and Deceit (¶¶ 95-101), the Ninth Claim for Conversion (¶¶ 102-109), the Tenth Claim for False Representations and Advertising (¶¶ 110-115), and Eleventh Claim for Unfair Competition (¶¶ 116-121), and the Twelfth Claim for Intentional Interference (¶¶ 122-128).

motion seeks dismissal of the SAI Claims.

### C. The Dropped Tax Lien Claim

Previously, the only factual allegations in the Complaint that ostensibly supported the SAI Claims were in Paragraphs 37 and 38. In those Paragraphs, the Soria Parties allege that, in August 2019, the IRS began threatening the Soria Parties with a tax levy. ECF 1 ¶ 37. The Soria Parties assert that "Aclan told Plaintiffs not to pay the outstanding tax due and he would take care of it" but then "did nothing." *Id.* ¶¶ 37-38.[3] However, the Soria Parties recently agreed to drop these allegations.

Specifically, after confirming through discovery that the Soria Parties' payroll vendor, Paychex, was the party actually at fault for the tax levy filed against MDCC, the Stabler Parties moved for leave to file a third-party complaint against Paychex. ECF 39. In their opposition to the motion, the Soria Parties conceded that Paychex, not SAI, was responsible for the lien. ECF 40 at 2:17-19 ("In short, Paychex did not attend to payment of the unpaid taxes in a timely manner, and, as a consequence, a tax lien was filed by the IRS for approximately $12,000 . . . . Plaintiffs acknowledge that SAI did not cause the MDCC Tax Lien to be filed."). The Soria Parties further represented that "Plaintiffs are not holding SAI liable for any damages in connection with the particular MDCC Tax Issue." *Id.* at 6:12-13. Based on this representation, the Stabler Parties withdrew their motion to implead Paychex. ECF 41.

---

[3] The Soria Parties recently conceded that this allegation was false. The Complaint alleges that Aclan's instruction "not to pay the outstanding tax due" resulted in the levy. ECF 1 ¶ 37. But the Soria Parties admitted, in response to the Stabler Parties' requests for admission, that Aclan's advice related to John Soria's and Maria Carlos's *individual* income taxes and had nothing to do with the taxes that resulted in the IRS levy. *See* Plaintiffs' Responses to Requests for Admissions Propounded By Defendants Stabler & Associates, Inc. and Don Stabler (Set No. One) dated July 22, 2020, at 53-54 (RFA Nos. 160-163), a true and correct copy of which is attached as **Exhibit 1** to the accompanying Declaration of Benjamin G. Murray ("Murray Decl.") solely for context and background and need not be considered by this Court on this motion.

## III. LEGAL STANDARD

### A. Motions for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) is "functionally identical" to Rule 12(b)(6). *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). The Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id.* Rule 12(c) may be used to dismiss individual causes of action. *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005).

### B. Plausibility Requirement Under *Twombly* and *Iqbal*

While Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint still must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Moreover, stating a claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To determine whether a pleading adequately states a plausible claim for relief, a court must first take "note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *Johnson v. Riverside Healthcare System, LP*, 534 F3d 1116, 1122 (9th Cir. 2008) (plaintiff must at least "allege sufficient facts to state the elements of . . . [his or her] claim"). The court then proceeds "by removing conclusory statements of law from the complaint." *Eclectic*

*Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 998 (9th Cir. 2014) (citing *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, ***they must be supported by factual allegations***.")).  Only "[w]hen there are well-pleaded factual allegations" after the complaint has been stripped of "legal conclusions" and "threadbare recitals of a cause of action" should the "court assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## IV. ARGUMENT

There are no factual allegations in the Complaint to support a plausible claim for negligence, malpractice, breach of fiduciary duty, or breach of contract. Accordingly, these claims should be dismissed under Fed. R. Civ. P. 12(c).

### A. Negligence

The Fourth Claim for Relief alleges negligence.  ECF 1 ¶¶ 70-72.  To state a claim for negligence under California law, the plaintiff must allege "(1) a legal duty to use due care, (2) breach of that duty, and (3) the breach as the proximate or legal cause of the resulting injury."  *Slaieh v. Simons*, 584 B.R. 28, 40 (C.D. Cal. 2018) (citing *Ladd v. Cnty. of San Mateo*, 12 Cal.4th 913, 917 (1996)).

The Complaint contains only "legal conclusions" and "threadbare recitals of a cause of action" in support of the negligence claim.  *Iqbal*, 556 U.S. at 679. Paragraph 71 alleges "Defendants owed plaintiffs a duty of care; breached that duty of care; and these breaches were the actual and proximate cause of the plaintiff's injury."  ECF 1 ¶71.  Once this boilerplate recitation of the elements is removed from the complaint, there is nothing left.  The preceding paragraphs of the Complaint do not contain a single factual allegation alleging the duty of care that the Stabler Parties owed the Soria Parties, how the Stabler Parties breached that duty of care, how the Soria Parties were injured by that breach, or how these breaches caused the Soria Parties' injury.

5

The negligence claim should be dismissed.

### B. Professional Malpractice

The Fifth Claim for Relief alleges professional malpractice. ECF 1 ¶¶ 73-74. The elements of a claim for professional malpractice under California law are: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Paul v. Patton*, 235 Cal. App. 4th 1088, 1095 (2015) (citations omitted).

The professional malpractice claim is similarly deficient. Paragraph 74 alleges "Plaintiffs were owed a duty from the Defendants as professionals and IRS licensed enrollment agents to act with a reasonable standard of care for that profession; the Defendants breached that duty by failing to act as they should and committed acts in violation of that duty; these breaches harmed the Plaintiffs and caused injuries; and the injuries sustained are compensable." ECF 1 ¶ 74. This is the sum total of the allegations supporting this claim for relief.

Other than alleging the Stabler Parties owed the Soria Parties a duty as "IRS licensed enrollment agents," the Complaint contains no factual allegations in support of any of the elements of the professional malpractice claim. While the Complaint alleges the Stabler Parties breached their duty "by failing to act as they should and committed acts in violation of that duty," this allegation is circular and conclusory: the Complaint does not specify, even in general terms, *what* the Stabler Parties did or did not do or which "acts" they allegedly committed that give rise to the claim. The Complaint also does not state *how* the Soria Parties were allegedly injured or *how* the Stabler Parties allegedly caused any such injuries.

The professional malpractice claim should be dismissed.

6
DEFENDANTS STABLER & ASSOCIATES, INC.'S AND DON STABLER'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

### C. <u>Breach of Fiduciary Duty</u>

The Sixth Claim for Relief alleges breach of fiduciary duty. ECF 1 ¶¶ 75-87. To state a claim for breach of fiduciary duty under California law, the plaintiff must allege "(1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." *Stanley v. Richmond*, 35 Cal. App. 4th 1070, 1086 (1995).

In Paragraphs 76 through 84, the Complaint quotes extensively from publications of the California Society of Enrolled Agents and the National Association of Enrolled Agents, as well as federal statutes and IRS regulations. ECF 1 ¶¶ 76-84. Construing these paragraphs in the light most favorable to the Soria Parties, it appears they are attempting to rely on these sources to allege the existence of a fiduciary duty. However, it is not at all clear what fiduciary duty or duties they allege arises from these materials. Paragraphs 76 and 77 merely describe the role of an IRS Enrolled Agent. *Id.* ¶ 76-77. Paragraph 78 discusses a "limited communication privilege" that exists between a client and an IRS Enrolled Agent. *Id.* ¶ 78. Paragraph 79 alleges that IRS Enrolled Agents are regulated under 31 CFR Part 10. *Id.* ¶ 79. Paragraphs 80 through 83 contain lengthy passages from sections of 31 CFR Part 10. *Id.* ¶¶ 80-83. The Complaint does not attempt to tie any of these materials to the Stabler Parties or the facts of this case, even in the most general terms.

Even if these Paragraphs were sufficient to allege the existence of a fiduciary duty, the Complaint contains no factual allegations in support of the other elements of the claim. With respect to the breach element, Paragraph 85 states "Defendants breached their fiduciary duties of care, loyalty and good faith by not acting in compliance with any of these obligations, whether negligently or willfully, at the expense and to the detriment of Plaintiffs." ECF 1 ¶ 85. The Complaint does not

7

DEFENDANTS STABLER & ASSOCIATES, INC.'S AND DON STABLER'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

specify *which* "obligations" the Stabler Parties allegedly failed to satisfy or *how* the Stabler Parties failed to comply any such obligations. Paragraph 86 states "Plaintiffs have been damaged by these breaches" but the Complaint does not state *how* the Soria Parties have been damaged, and it does not allege, even in conclusory terms, *how* the Stabler Parties were the proximate cause of any such damages. *See id.* ¶ 86.

The claim for breach of fiduciary duty should be dismissed. The claim for punitive damages tacked onto the breach of fiduciary duty claim (¶ 87) should also be dismissed. *See* ECF 1 ¶ 87.

### D. Breach of Contract

The Seventh Claim for Relief alleges breach of contract. ECF 1 ¶¶ 88-94. "The elements for a breach of contract claim are: (1) a contract exists; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) resulting damages to plaintiff." *Yi v. Circle K Stores, Inc.*, 258 F. Supp. 3d 1075, 1082 (C.D. Cal. 2017), *aff'd*, 747 F. App'x 643 (9th Cir. 2019).

It is undisputed that the Soria Parties entered into a contract with SAI.[4] However, the Complaint fails to plausibly allege a claim for breach of that contract. *First*, while Paragraph 93 alleges "Plaintiffs have performed all obligations required of them to be performed under the Agreement," that allegation is entirely conclusory. ECF 1 ¶ 93. The Soria Parties allege no facts to support their assertion that they performed under the contract—for example, they do not allege that they provided SAI with the information SAI requested in order to prepare the Soria

---

[4] A true and correct copy of the contract, which is incorporated into the Complaint by reference and may be considered by the Court on this motion, is attached as **Exhibit 2** to the Murray Declaration. *See*, *e.g.*, *Shuckett v. DialAmerica Mktg. Inc.*, No. 17CV2073-LAB (KSC), 2019 WL 913174, at *3 (S.D. Cal. Feb. 22, 2019) (citing *Coto Settlement v. Eisenberg*, 593 F.3d 1031 (9th Cir. 2010)) (court may consider contract incorporated by reference into complaint on motion to dismiss).

Parties' taxes.[5]

***Second***, the Complaint does not adequately allege breach. Paragraph 91 states "SAI breached this Agreement by failing to provide Plaintiffs any contracted services and acted incompetently and inadequately, and indeed placed Plaintiffs in jeopardy with the IRS, while acting against the interest of Plaintiffs and in SAI's own self-interests." ECF ¶ 91. As to the latter half of the allegation, the Complaint does not state ***how*** SAI "acted incompetently and inadequately" or ***how*** SAI "placed Plaintiffs in jeopardy with the IRS[.]" *See id.* To the extent this referred to the tax lien matter, the Soria Parties now admit this was Paychex's fault and the issue has been dropped from the case. ECF 40 at 2:17-19, 6:12-13. The Complaint also does not state ***how*** SAI "act[ed] against the interest of Plaintiffs and in SAI's own self-interests." ECF ¶ 91. To the extent this refers to the USVR Claims, the Complaint fails to explain how that alleged activity breached the contract.

The claim that SAI breached "by failing to provide Plaintiffs any contracted services" is insufficient to state a plausible claim for relief. The Complaint alleges that, on June 4, 2019, the parties entered into a written contract by which SAI agreed to perform the following services:

1) Due diligence for compliance requirements with IRS and State and Local Taxing Agencies (California / Montana / Delaware).
2) Accounting and tax preparation for Individual and Corporate/ LLCs for all years involved.
3) Negotiation with IRS and State & Local Taxing Agencies for tax delinquencies upon filing of all tax returns.

---

[5] Nor can they. In response to the Stabler Parties' Requests for Admission, the Soria Parties admitted that, on more than one occasion, Aclan requested the Soria Parties to fill out and return to him a "Tax Organizer" document with information that Aclan said he needed to prepare tax returns for them but they ***never returned the document***. Murray Decl., Ex. 1 at 20-21 (RFA Nos. 56-57).

9

DEFENDANTS STABLER & ASSOCIATES, INC.'S AND DON STABLER'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

ECF 1 ¶ 90; Murray Decl., Ex. 2 at 1-2.

Critically, the contract does not specify any time for SAI's performance of these services. Murray Decl., Ex. 2, *passim*. Under California law, "[i]f no time is specified for the performance of an act required to be performed, a reasonable time is allowed." Cal. Civ. Code § 1657. The Soria Parties' allegation that SAI failed "to provide Plaintiffs any contracted services" is insufficient to state a claim because the Soria Parties do not allege that SAI failed to provide the contracted services—including complex due diligence, preparing books and tax filings for multiple years for multiple individuals and entities, and negotiating with the IRS and state and local tax agencies regarding multiple delinquencies—within *a reasonable time*.[6] This deficiency is grounds for dismissal. *See Long v. Dorset*, 369 F. Supp. 3d 939, 948 (N.D. Cal. 2019) (granting motion to dismiss where complaint alleged "Facebook acted within five days, a manifestly reasonable time given the FAC's other allegations").

Equally fatal to the Soria Parties' breach claim is their failure to allege that they demanded that SAI perform the contracted services but SAI refused. The Supreme Court of California has made clear that, "[w]here no time is specified for performance, a person who has promised to do an act in the future and who has the ability to perform does not violate his agreement unless and until a demand for performance is made and performance is refused, except in situations (not here present)[.]" *Leonard v. Rose*, 65 Cal. 2d 589, 592–93 (1967). This is still good law. *See, e.g.*, *Mansouri v. Superior Court*, 181 Cal. App. 4th 633, 642 (2010). Because the Soria Parties did not and cannot allege that they demanded SAI to perform under the contract but SAI refused to do so, the Complaint fails to state a claim for breach of contract under California law.

---

[6] Nor can they. The Soria Parties hired SAI in June 2019 to perform a significant amount of complex tax work. They brought this lawsuit *four months* later.

10

*Finally*, the Complaint contains no factual allegations stating how the Soria Parties were damaged as a result of any breach by SAI. Paragraph 94 claims: "As a direct and proximate result of SAI [sic] breaches, Plaintiffs have suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial." ECF 1 ¶ 94. These "vague and conclusory allegations regarding damages are insufficient to survive a motion to dismiss." *Burns v. HSBC Bank*, No. EDCV121748JGBOPX, 2013 WL 12136377, at *5 (C.D. Cal. Aug. 26, 2013).

## V. CONCLUSION

For the foregoing reasons, the Stabler Parties respectfully request that the Court grant their motion for judgment on the pleadings as to the Fourth, Fifth, Sixth, and Seventh Claims for Relief and grant such other and further relief as the Court deems just and proper.

DATED: August 4, 2020   FRANKFURT KURNIT KLEIN + SELZ PC

By: */s/ Jeremy S. Goldman*
Jeremy S. Goldman
Benjamin G. Murray
Attorneys for STABLER &
ASSOCIATES, INC. and
DON STABLER

11

DEFENDANTS STABLER & ASSOCIATES, INC.'S AND DON STABLER'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT